**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| ENRICO J. CIARROCCHI, III, | : | |
| | : | |
| | : | Civil Action No. |
| Plaintiff, | : | **09-2433 (NLH)(AMD)** |
| | : | |
| v. | : | |
| | : | |
| CLEARVIEW REGIONAL HIGH | : | |
| SCHOOL DISTRICT and | : | **OPINION** |
| MANTUA TOWNSHIP SCHOOL | : | |
| DISTRICT, | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

ENRICO J. CIARROCCHI, JR.
56 INVERNESS CIRCLE
MARLTON, NJ 08053

     Appearing *pro se*

MICHAEL S. MIKULSKI, II
CONNOR WEBER & OBERLIES, P.C.
WOODCREST PAVILION
TEN MELROSE AVENUE
SUITE 450
CHERRY HILL, NJ 08003

     On behalf of defendant Clearview Regional High School
     District

ERIN R. THOMPSON
POWELL, BIRCHMEIER & POWELL, ESQS.
1891 STATE HIGHWAY 50
PO BOX 582
TUCKAHOE, NJ 08250-0582

     On behalf of defendant Mantua Township School District

**HILLMAN, District Judge**

Pending before the Court are the motions of defendants, Clearview Regional High School District and Mantua Township School District, to dismiss the claims of plaintiff, Enrico J. Ciarrocchi III, who is a minor high school student.  Enrico J. Ciarrocchi, Jr. is plaintiff's father, and it appears that he has filed this case on behalf of his son, over whom Mr. Ciarrocchi claims to be guardian ad litem.

Mr. Ciarrocchi contends that in the nine years Enrico has been a student in defendants' schools, he has failed to learn to read because he has only been provided group instruction rather than individualized instruction.  It also appears that Mr. Ciarrocchi claims that he has suffered emotional distress as a result of defendants' alleged conduct, although he does not specifically list himself as a plaintiff for his own claims.  Mr. Ciarrocchi does not specify the legal basis for any of the claims contained in the complaint, other than stating that Enrico's civil rights have been violated.[1]

Defendants have brought their motions to dismiss on the basis that Mr. Ciarrocchi cannot serve an attorney on behalf of his son, and because Enrico, as a minor, cannot bring his own

---

[1]Presumably, because Mr. Ciarrocchi has brought his claims pursuant to 42 U.S.C. § 1983, this Court's subject matter jurisdiction is premised on 28 U.S.C. § 1331.

action in federal court.  They also argue that Mr. Ciarrocchi

should not serve as Enrico's guardian ad litem.  In response,

Mr. Ciarrocchi contends that he can competently represent his

son's interests and that he may do so without an attorney.

     With regard to the first issue of whether Mr. Ciarrocchi

can prosecute the claims of his son without an attorney, Third

Circuit precedent is clear that a non-lawyer appearing *pro se*

is not entitled to play the role of attorney for his children

in federal court.  Osei-Afriyie v. Medical College of

Pennsylvania, 937 F.2d 876, 882 (3d Cir. 1991); Woodruff ex

rel. B.W. v. Hamilton Tp. Public Schools, 2007 WL 4556968, *3

(D.N.J. 2007) (declining to allow parents to represent their

minor son on his claims for violations of the Rehabilitation

Act and ADA, and explaining that the proposition that a parent

cannot represent a child has been applied in cases involving

civil rights and constitutional violation claims).  Thus, Mr.

Ciarrocchi is prohibited from advancing Enrico's claims against

the defendant school districts without the aid of an attorney.[2]

     With regard to the guardian ad litem issue, although Mr.

Ciarrocchi claims to be Enrico's, and a hearing was scheduled

---

[2]As explained more fully below, Mr. Ciarrocchi is permitted
to prosecute his own claims without an attorney.  Indeed, Mr.
Ciarrocchi is a seasoned *pro se* litigant.  See Ciarrocchi v.
Kennedy Memorial Hosp., 2009 WL 2871210, *1 (D.N.J. 2009)
(finding Mr. Ciarrocchi to be a "recreational litigant" in this
district).

before the magistrate judge to discuss the protection of
Enrico's interests and claims,[3] the concern over who should
serve as Enrico's guardian ad litem is unnecessary in this
case.  Federal Civil Procedure Rule 17 governs the proper
parties to a case, and it provides that a guardian of a minor
child can sue either in the guardian's name without naming the
minor child, or in the guardian's name on behalf of the minor
child.  Fed. R. Civ. P. 17(a)(1), (c)(1).  It is only when a
minor child does not have a guardian, or a "duly appointed
representative," where a court must consider whether to appoint
a guardian ad litem to protect the minor's interests.  Fed. R.
Civ. P. 17(c)(2).

In this case, Mr. Ciarrocchi has stated, "I spent the last
8 years with little involvement with my children's life,"
(Amend. Compl. at 3), and he has admitted that Enrico lives,
and has lived, with his mother for many years.  Thus, for the
purposes of the Rule 17 proper-party analysis, it appears that
Enrico's guardian is his mother, and the Court does not need to
appoint a representative.  As such, any claims Enrico has
against the school district must be advanced by his mother in

---

[3]Mr. Ciarrocchi did not appear at that hearing.  (See Docket
No. 32.)

her name on Enrico's behalf.[4]

However, by virtue of Mr. Ciarrocchi filing the claims in Enrico's name, rather than in the name of his guardian, there is no proper plaintiff in this action--at least with regard to Enrico's claims. Mr. Ciarrocchi cannot simply appoint himself as guardian, see Fed. R. Civ. P. 17(c)(2) (providing that the court must appoint a guardian ad litem or next friend to protect a minor who is unrepresented in the action), and even if he were Enrico's guardian, Mr. Ciarrocchi would have to advance Enrico's claims in Mr. Ciarrocchi's name. Furthermore, even if Mr. Ciarrocchi were Enrico's guardian, and Mr. Ciarrocchi properly named himself as plaintiff, he still would be barred from appearing without an attorney, because, as explained above, even though he would be a named plaintiff, he would be acting on behalf of Enrico and pursuing Enrico's claims. The Rule 17 proper-party analysis, and a guardian's appearance as a named plaintiff, is completely separate and distinct from the issue of when a party may litigate without a lawyer. See, e.g., Robertson v. Central Jersey Bank & Trust Co., 834 F. Supp. 705, 709 (D.N.J. 1993) ("[A] guardian ad

---

[4]There is no indication that Enrico is aware of, or participating in, this case and the allegations advanced by his father against the schools. If Enrico himself independently came to the Court, without aid of his mother or another legal representative, concerning his education, the Court would of course then consider the appointment of a guardian ad litem.

litem may be an attorney, and often is, [but] that fact alone does not transform the guardian ad litem into the child's attorney.").

The Court is thus left with the situation of a minor child's claims improperly advanced without an attorney, and in his name instead of on his behalf by his guardian.  Compounding this problem is the complaint's failure to meet the most basic elements of a proper pleading.  Mr. Ciarrocchi fails to articulate how defendants violated any laws, regulations, or constitutional rights when they provided his son with group instruction rather than one-on-one instruction.  Instead, Mr. Ciarrocchi complains that there is a "lack of management at this school" and the schools are "using inexperienced individuals."  (Amend. Compl. at 3-4.)  If Mr. Ciarrocchi feels strongly that his son's education has been compromised by defendants' conduct, he must seek legal counsel on how to properly and effectively articulate a valid legal basis for challenging defendants' practices.

Relatedly, if Mr. Ciarrocchi has intended to be a plaintiff in this matter against the defendant school districts for his own claims separate and independent from his son's, Mr. Ciarrocchi has failed to articulate the legal basis for his claims, other than to state that he has suffered from emotional

6

distress because of his son's education.[5]  Mr. Ciarrocchi is

permitted to prosecute his own claims against defendants and do

so without an attorney, and as a *pro se* litigant, his pleadings

are held to a less-strict standard.  Estelle v. Gamble, 429

U.S. 97, 107 (1976) (providing that *pro se* complaints, despite

being "inartfully pleaded, must be held to less stringent

standards than formal pleadings drafted by lawyers").  *Pro se*

litigants, however, "must still plead the essential elements of

[their] claim and [are] not excused from conforming to the

standard rules of civil procedure."  McNeil v. United States,

508 U.S. 106, 113(1993) ("[W]e have never suggested that

procedural rules in ordinary civil litigation should be

interpreted so as to excuse mistakes by those who proceed

without counsel....").

   Consequently, with regard to the son, both the son as a

party and his claims must be dismissed without prejudice to his

right to properly bring his claims.  As explained above, such

claims must be brought in the name of the appropriate party

according to the Federal Rules of Civil Procedure and must be

---

[5]Should Mr. Ciarrocchi wish to challenge the schools'
actions on his own behalf, the Supreme Court has recognized that
a parent may prosecute a claim asserting a violation of their
child's right to a free appropriate public education.  To be
clear, such a claim is asserted by the parent for the parent, and
is not a claim asserted on behalf of the child.  See Woodruff,
2007 WL 4556968 at * 5 (citing Winkelman v. Parma City School
Dist., 127 S. Ct. 1994 (2007) (discussing the IDEA)).

asserted by an attorney of record.[6]  With regard to Mr.
Ciarrocchi's own claims against defendants, he may file an
amended complaint within 20 days of the date of this Opinion
properly articulating his claims, consistent with the above
guidance, the federal rules, and applicable laws and
regulations.  If Mr. Ciarrocchi files an amended complaint, the
case shall proceed in usual course.  If he fails to file an
amended complaint, the entire case will be closed.

     An appropriate Order will be entered.


Date   June 25, 2010              s/ Noel L. Hillman
                              NOEL L. HILLMAN, U.S.D.J.

At, Camden, New Jersey

---

[6]Although it is questionable whether Mr. Ciarrocchi's claims
regarding Enrico's education have merit, even if Enrico has valid
claims against these defendants, his legal interests will not be
adversely affected by the dismissal of his claims due to Mr.
Ciarrocchi's procedural and substantive missteps.  Any claims of
Enrico's will not accrue for statute of limitations purposes
until he turns eighteen years old, or sooner, if he becomes an
emancipated minor.  Harris-Thomas v. Christina School Dist., 145
Fed. Appx. 714, 715 (3d Cir. 2005).